UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSE MOLINA–CARIAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:14-cr-00118-DBH-1 |
| | ) | 2:15-cv-00474-DBH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Jose Molina-Carias moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 51.) Following a guilty plea, Petitioner was convicted of reentry into the country following a prior removal, 8 U.S.C. § 1326(a), (b)(2), and the Court sentenced Petitioner to 48 months in prison. (Judgment, ECF No. 48 at 2; Indictment, ECF No. 1.) Petitioner did not appeal from the judgment or the sentence.

Petitioner asserts the following grounds for his § 2255 motion. First, he contends that he did not appeal from the judgment or sentence "because of poor legal advice." (Motion at 4.) Petitioner more specifically contends that his counsel was not available for consultation and that his efforts to communicate with counsel were frustrated by a language barrier. Second, Petitioner maintains that his sentence range under the United States Sentencing Guidelines (U.S.S.G.) was erroneously calculated due to the inclusion in his criminal history of offenses more than 15 years old, which alleged error was overlooked by his counsel. (Motion at 5.) Finally, Petitioner claims that he did not understand the plea agreement offered to him because he received no legal advice regarding the agreement. (*Id.*)

Through its response to the motion, the Government asks the Court to dismiss Petitioner's motion. (Response at 1, ECF No. 63.) Following a review of the record and the parties' written arguments, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 7, 2014, the Grand Jury returned a one-count indictment charging Petitioner with unlawful reentry following a prior removal from the United States, in violation of 8 U.S.C. § 1326(a), which action followed a prior conviction on an aggravated felony charge, an allegation material to the statutory maximum sentence, as set forth in 8 U.S.C. § 1326(b)(2). (Indictment, ECF No. 1.)

### A.   Rule 11 Change of Plea Proceeding

On December 1, 2014, the Government filed on the court's docket an agreement to plead guilty. The agreement bore the signatures of Petitioner and his counsel, whose signatures were dated November 11, 2014. (ECF No. 16.) The Court scheduled a change of plea hearing and Petitioner appeared in court on December 10, 2014, to change his plea. The Court provided an interpreter for the proceeding. As reflected on the docket and in the transcript prepared by the court reporter, Petitioner changed his plea to guilty on that date. (Minute Entry, ECF No. 21; Transcript of Rule 11 Proceeding at 4, ECF No. 65.)

During the plea colloquy, upon the Court's inquiry, Petitioner responded affirmatively to establish the following facts:

- Petitioner understood what was happening in the change of plea hearing;
- Petitioner's counsel explained the consequences of the change of plea;
- Petitioner wished to change his plea to guilty;

2

- Petitioner pled guilty because he actually committed the crime charged in the indictment;

- Petitioner received a translated copy of the indictment and reviewed it with counsel, who explained the elements and nature of the crime charged, and the penalties that could be imposed;

- Petitioner understood the charge, which charge the Court explained at the hearing;

- Petitioner understood the mandatory minimum and maximum sentences upon a guilty plea, which sentences the Court explained at the hearing;

- Petitioner understood that his guilty plea could have consequences related to his ability to remain in or reenter the United States;

- Petitioner understood the important trial rights he would waive by pleading guilty, which rights the Court explained at the hearing;

- Petitioner understood he would waive the right not to incriminate himself based on the Court's questions concerning the prosecution version;

- Petitioner chose to plead guilty;

- Petitioner received, with the assistance of an interpreter, a translation of the prosecution version, and he discussed the prosecution version with his counsel;

- Petitioner acknowledged the information contained in the prosecution version was true to his personal knowledge;

- Petitioner was not threatened to convince him to change his plea, nor forced to change his plea;

- The plea agreement was translated for Petitioner, he understood everything in the agreement, and he signed it voluntarily, agreeing to all of its terms and conditions, the key provisions of which the Court reviewed with Petitioner; Petitioner agreed he talked about the provisions of the plea agreement with his counsel;

- Petitioner understood the Court was not bound by any recommendation the Government or defense counsel might make at Petitioner's sentencing hearing; and

- After the Court's review of Petitioner's rights, Petitioner intended to plead guilty to the charge contained in the indictment.

(Transcript of Rule 11 Proceeding at 3 – 16.)

According to the prosecution version, Petitioner is a citizen of Honduras who was removed from the United States on five prior occasions, including following an aggravated felony conviction that subjected him to enhanced penalties under 8 U.S.C. § 1326(b)(2). (Amended Prosecution Version at 1, ECF No. 20.) In addition, Petitioner, during an interview conducted in September 2014, provided a sworn statement to investigators in which he admitted that he reentered the United States in or about June 2010, without having requested or obtained authorization to do so. (*Id.*)

The plea agreement signed by Petitioner before the Rule 11 hearing, which agreement Petitioner testified he understood and signed voluntarily and which agreement the Court reviewed with Petitioner during the Rule 11 hearing, described the offense charged and the maximum possible penalties. (Plea Agreement at 1.) In particular, in the written agreement, the parties agreed that Petitioner was subject to a 12- or 16-level enhancement under the sentencing guidelines because he was "previously deported after a conviction for a felony drug trafficking offense for which the sentence imposed exceeded 13 months." (*Id.* at 2, § 3(C).) The agreement further provided that "Defendant understands that whether a 12 or 16 level increase applies depends upon the calculation of his criminal history as part of a Pre-Sentence Report." (*Id.*) Pursuant to the agreement, Petitioner waived his right to appeal from a sentence of imprisonment that did not exceed 57 months. (*Id.* at 3.)

During the Rule 11 proceeding, the Court cautioned Petitioner that the parties' sentencing recommendations would not be binding on the Court, that the Court could impose a more severe sentence than Petitioner might desire, and that Petitioner would not be allowed to withdraw his guilty plea or appeal from a sentence that did not exceed 57 months. (Transcript of Rule 11

Proceeding at 13.) Petitioner directly expressed that he understood these terms and conditions. (*Id.*) Petitioner also informed the Court that he had consulted with his counsel about the sentencing guidelines and the factors that could impact the sentence imposed by the Court. (*Id.* at 14 – 15.)

Based on the Rule 11 colloquy, the Court found that Petitioner acknowledged that he was in fact guilty as charged, that he knew of his trial rights, that he knew the maximum possible punishment that could be imposed upon conviction, that he was not coerced to change his plea, and that he voluntarily and knowingly pleaded guilty. (*Id.* at 16.) The Court, therefore, accepted Plaintiff's guilty plea. (*Id.* at 16 – 17.)

### B. Sentencing Proceeding

On June 3, 2015, the Court held Petitioner's sentencing hearing. Petitioner appeared at the hearing with new counsel[1] and the Court provided an interpreter for the hearing.

The sentencing record included the presentence investigation report. The report documented both the circumstances underlying the charge (including Petitioner's sworn statement that he most recently re-entered the United States in 2010), Petitioner's criminal history, and confirmation that Petitioner had been deported from the United States on multiple prior occasions, including after convictions for drug trafficking offenses for which Petitioner received sentences in excess of 13 months. The report included an adjusted offense level of 24, a 3 point reduction for acceptance of responsibility, and a total offense level of 21.[2] The report also reflected Petitioner had a criminal history category of VI.

---

[1] On March 9, 2015, the Court granted the motion to withdraw filed by Petitioner's Rule 11 counsel and appointed new counsel to represent Petitioner. (ECF No. 36.) Petitioner's new counsel sought and obtained an extension of time to review the case, meet with Petitioner and an interpreter, and oppose the presentence report prepared by Probation and Pretrial Services. (ECF Nos. 37, 38.)

[2] Under the sentencing guideline applicable to the unlawful reentry charge, Petitioner's base offense level was 8. In Petitioner's case, however, the following specific offense characteristic applied: "defendant previously was deported … after … a conviction for a felony that is … a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2. The base offense level was subject to either a 12-level enhancement or a 16-level

5

At the hearing, defense counsel confirmed that he had read to and had translated for Petitioner the presentence report. (Sentencing Tr. at 3.) Counsel further represented that he "had ample time" to discuss the report with Petitioner. (*Id.*) Petitioner confirmed that the report was translated for him and that he discussed it with his attorney. (*Id.* at 4.) When the Court asked if he had enough time to discuss the report with his counsel, Petitioner replied, "Yes, that's correct." (*Id.*) Petitioner confirmed that he had no objection to the report, and the only sentencing issue was the length of the sentence. (*Id.*)

In his presentation to the Court, counsel recommended a sentence of 36 months. In allocution, Petitioner "ask[ed] for forgiveness" from the authorities, acknowledged his "mistakes," and said his situation in Honduras "was unbearable" and "forced" him to return to the United States. (*Id.* at 18.) Petitioner stated he put his "trust" in the Court and the "cleanest justice system in the world." (*Id.* at 18 – 19.) He also expressed appreciation for his counsel's work at sentencing. (*Id.* at 19.)

Based on the record before the Court, the Court accepted the parties' plea agreement, and found the based offense level to be 24, but that the offense level was subject to a 3-point reduction for acceptance of responsibility. (Sentencing Tr. at 19 – 20.) With a resulting offense level of 21 and a criminal history category of VI, the applicable guideline range for Petitioner's sentence was

---

enhancement depending on whether any of the drug trafficking convictions received criminal history points under Chapter Four. If so, the 16-level enhancement applied; if not, the 12-level enhancement applied. *Id.* § 2L1.2(b)(1)(A). According to the presentence report, Petitioner's most recent relevant drug trafficking conviction was imposed on July 14, 1999, for which conviction Petitioner received a three-year sentence. Under chapter four of the guidelines, a prior conviction resulting in a sentence of imprisonment in excess of one year and one month yields three criminal history points. *Id.* § 4A1.1(a). However, "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period." *Id.* § 4A1.1(a) (application note), § 4A1.2(e)(1) (defining "applicable time period").

77 – 96 months. (*Id.* at 19 – 20.) Based on an analysis under 18 U.S.C. § 3553, the Court sentenced Petitioner to a below-guidelines prison term of 48 months. (*Id.* at 22.)

After imposing sentence, the Court reminded Petitioner that pursuant to his plea agreement he had waived his right to appeal in light of the sentence imposed. (*Id.* at 23.) The Court explained that such waivers "are generally enforceable," but if Petitioner believed the agreement was not enforceable for any reason, he needed to file a notice of appeal within 14 days to present that argument to the Court of Appeals. (*Id.* at 23.) The Court told Petitioner that if he could not get his counsel to file such a notice of appeal, he could ask the clerk of the court to do so, "but it must be within the 14 days." (*Id.* at 23 – 24.) The Court added that Petitioner could also "ask right now out loud here in the courtroom for the clerk to file that notice and the clerk will do so." (*Id.* at 24.) After explaining that Petitioner could also ask for permission to proceed with an appeal without paying costs, the Court asked, "Do you understand all that I've just told you?" (*Id.* at 24.) The interpreter asked for a moment and the transcript reveals that Petitioner then blurted out, "When for the amount—appealing this sentence would be almost impossible. It's very difficult, but I also respect Your Honor's decision to give me 48 months." (*Id.*) The Court directed the defense to push the microphone away so they could converse privately, which counsel and Petitioner apparently did. (*Id.*) Thereafter, counsel told the Court: "Your Honor, after discussion, my client recognizes the near impossibility of taking an appeal, and I also pointed out to him the binding nature of the plea agreement and he is agreeable that no appeal will be filed in this case." (*Id.*)

Petitioner did not file a notice of appeal. Petitioner timely filed his § 2255 motion.[3]

---

[3] *See* 28 U.S.C. 2255(f) (providing in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final.")

7

## II. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

A section 2255 petitioner must establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing

that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default, but only if the petitioner demonstrates both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the petitioner's defense. *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); *Owens v. United States*, 483 F.3d 48, 63 (1st Cir. 2007). A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 466 U.S. at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)). In determining whether an evidentiary hearing is required, the court must "take as true the sworn allegations of fact set forth in the petition 'unless those allegations are merely conclusory, contradicted by the record, or inherently incredible.'" *Owens*, 483 F.3d at 57 (quoting *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002)). Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie

[the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). The Court can reasonably require a petitioner to supply the Court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

### B. Claims and Analysis

#### 1. Ineffective assistance of counsel as excuse for procedural default

Petitioner asserts that his counsel is responsible for his failure to challenge his sentence on appeal because counsel provided "practically … no advice at all." (Motion at 5.) Petitioner claims the language barrier exacerbated counsel's lack of effective assistance. (*Id.*) Evidently, Petitioner's claim is at least in part an attempt to overcome the procedural default that otherwise results from his failure to appeal from his sentence.

"[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. The record of the sentencing hearing conclusively refutes Petitioner's claim regarding counsel's performance. The Court's direct, thorough and understandable questioning of Petitioner at sentencing demonstrates Petitioner understood the proceedings, understood the significance of the plea agreement, understood the relevant sentencing factors, and understood the substance of the presentence investigation report. Indeed, Petitioner acknowledged the relevant documents were translated for him with the assistance of an interpreter. Additionally, the Court clearly informed Petitioner that he could file an appeal, with or without counsel, with assistance from the court clerk, including

through an oral assertion in court. In short, Petitioner has failed to present any evidence that would support a finding of the necessary cause or prejudice to overcome the procedural default.[4]

### 2. Alleged erroneous criminal history calculation

Assuming, *arguendo*, that Petitioner could overcome the procedural bar, Petitioner argues his 48-month sentence is unlawful because "the assumption was made without any documentary proof that I was in the US [a] long time before I was arrested." (Petitioner's Reply, ECF No. 64.) According to Petitioner, the Court's consideration of drug trafficking convictions from the 1990s erroneously resulted in a criminal history category of VI. Petitioner's argument fails.

The applicable sentencing guideline provides that a prior drug trafficking conviction sentence in excess of 13 months yields three criminal history points if part of the sentence was served within 15 years of the defendant's "commencement of the instant offense." U.S.S.G. § 4A1.1(a) (application note), § 4A1.2(e)(1) (defining "applicable time period").[5] Contrary to Petitioner's current assertion, the record reflects he provided a sworn statement to investigators that he reentered the United States in 2010, which fact places the "commencement" of the instant offense within 15 years of all four prior relevant convictions for felony drug trafficking offenses (which offenses occurred between 1996 and 1999). The four convictions alone generated 12 criminal history points.[6] The four offenses, when combined with Petitioner's prior federal felony conviction in 2001 (3 more points), placed Petitioner in criminal history category VI.

---

[4] Nothing in the record before the Court suggests the possibility of a finding of actual innocence.

[5] Petitioner's date of re-entry to the United States marked the commencement of the offense. *See United States v. Garza*, 550 Fed. App'x 344 (8th Cir. 2014) (per curiam) (citing *United States v. Delgado-Hernandez*, 646 F.3d 562, 567 (8th Cir. 2011) (per curiam) (illegal re-entry is an ongoing offense that begins on the date of reentry)); *United States v. Hernandez-Frias*, 475 Fed. App'x 488, 491 – 92 (4th Cir. 2012) (per curiam) (same, collecting cases).

[6] Petitioner conceded the accuracy of the prosecution version at his Rule 11 proceeding and also acknowledged the accuracy of the presentence investigation report at the sentencing hearing. Even in the context of his § 2255 motion Petitioner does not dispute the fact that he re-entered the United States in 2010.

Because Petitioner admitted to the Court the accuracy of the presentence investigation report, including the fact that he provided a statement indicating reentry in 2010, and because Petitioner's out of court statement was admissible against Petitioner to establish his guilt, the Court's sentence was based on appropriate factual and legal findings. Accordingly, Petitioner's claim fails.[7]

### 3. Ineffective assistance of counsel at the change of plea hearing

Finally, Petitioner claims that his Rule 11 counsel provided ineffective assistance at the change of plea hearing because counsel provided "no legal advice at all" and Petitioner consequently signed the plea agreement without fully understanding it. (Motion at 5.) This ineffective assistance of counsel claim is not procedurally defaulted. It is, however, refuted by the record.

When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *McGill*, 11 F.3d at 225. At his change of plea hearing, Petitioner unequivocally stated that he understood the proceedings and that he received assistance from his counsel regarding his decision to change his plea. Petitioner's statements to the Court "conclusively refute" Petitioner's current claims that his counsel failed to provide adequate assistance, or that a language barrier prevented Petitioner from understanding the nature of the proceedings. *Moreno-Morales*, 334 F.3d at 145.

Petitioner's claim of ineffective assistance of counsel in connection with the plea also fails because Petitioner has not demonstrated that the result would have been different had counsel

---

[7] For the same reasons, counsel did not provide ineffective assistance when recommending that Petitioner not object to the presentence report, and Petitioner did not suffer prejudice as the result of such advice.

12

performed differently. Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59. Petitioner has cited no defense to the charge that he would have asserted at a trial. Simply stated, the record lacks any evidence to suggest that Petitioner would have opted for a trial. Accordingly, Petitioner has not demonstrated prejudice and thus is not entitled to § 2255 relief.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of November, 2016.